IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEANEH BANGALU, on behalf of herself and those similarly situated,<br>1207 Alfred Drive, Apt. B<br>Yeadon, PA 19050<br><br>    Plaintiff,<br><br>  v.<br><br>PROSPECT PARK HEALTH & REHABILITATION RESIDENCE<br>815 Chester Pike<br>Prospect Park, PA 19076<br><br>    and<br><br>JOHN DOES 1-10<br>c/o PROSPECT PARK HEALTH & REHABILITATION RESIDENCE<br>815 Chester Pike<br>Prospect Park, PA 19076<br><br>    Defendants. | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br>INDIVIDUAL AND CLASS ACTION FOR VIOLATIONS OF THE PENNSYLVANIA MINIMUM WAGE ACT AND THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW<br><br><br>CIVIL ACTION NO:<br><br>**JURY TRIAL DEMANDED** |

### INDIVIDUAL, CLASS, AND COLLECTIVE ACTION COMPLAINT

Seaneh Bangalu (hereinafter "Named Plaintiff"), on behalf of herself and those similarly situated (hereinafter collectively referred to as "Class Plaintiffs"), by and through undersigned counsel, hereby complains as follows against Defendants Prospect Park Health & Rehabilitation Residence and John Does 1-10 (hereinafter collectively referred to as "Defendants").

### INTRODUCTION

1. Named Plaintiff has initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"), and the Pennsylvania Minimum Wage Act and Pennsylvania Wage Payment and Collection Law (hereinafter collectively "Pennsylvania Wage

Laws"). Named Plaintiff asserts that Defendants failed to pay Named Plaintiff and Class Plaintiffs proper overtime compensation.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has original subject matter jurisdiction over Plaintiff's federal claims because this civil action arises under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction over Named Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as the FLSA claims.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where it is subject to personal jurisdiction, rendering Defendants residents of this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in full.

6. Named Plaintiff is an adult individual with an address as set forth above.

7. Defendant Prospect Park Health & Rehabilitation Residence (hereinafter "Defendant Prospect") is a Pennsylvania non-profit organization operating at an address as set forth in the caption.

8. Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failing to pay Named Plaintiff and Class Plaintiffs proper compensation pursuant to the FLSA

9. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll for Named Plaintiff and Class Plaintiffs.

10. At all times relevant herein, Defendants acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed as hourly employees of Defendants who work or worked for Defendants as "Certified Nursing Assistants" and/or in similar positions with similar duties, and who are or were subject to Defendants' unlawful pay practices and policies (the members of this putative class are referred to as "Class Plaintiffs").

12. Specifically, Named Plaintiff seeks to represent all individuals who worked or work for Defendants within the last three years as "Certified Nursing Assistants" and/or in a job title with similar non-exempt duties and who were subjected to similar unlawful compensation policies and procedures as Named Plaintiff.

13. Named Plaintiff's claims are typical of the claims of the Class Plaintiffs, because Named Plaintiff, like all Class Plaintiffs, was an employee of Defendants within the last three

years whom Defendants required to work more than 40 hours per workweek and then failed to pay proper overtime wages as required by the Fair Labor Standards Act ("FLSA").

14. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

15. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

16. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

17. Named Plaintiff brings her claims asserting violations of the Pennsylvania Wage Laws as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and on behalf of all persons presently and formerly employed by Defendants as "Certified Nursing Assistants" and/or in similar positions with similar duties, and who were subject to Defendants' unlawful pay practices and policies at any point in the three years preceding the date the instant action was initiated (the members of this putative class are also referred to as "Class Plaintiffs").

18. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive

control of Defendants; however, on information and belief, the number of potential class members is estimated to be at least forty (40) employees.

19. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all Class Plaintiffs, was to the same unlawful wage policies and practices of Defendants.

20. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

21. Defendants have acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendants have applied consistent unlawful wage policies to the entire class and have refused to end these policies.

22. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for

individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

24. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are (1) whether Defendants failed to pay proper overtime to Class Plaintiffs for hours worked in excess of 40 per workweek; and (2) whether Defendants had any good faith basis to conclude that their failure to pay Class Plaintiffs at least 1.5 times their regular rate for hours over 40 was legal.

## FACTUAL BACKGROUND

25. The foregoing paragraphs are incorporated herein as if set forth in full.

26. On or about October 10, 2012, Defendant Prospect hired Named Plaintiff as a certified nursing assistant ("CNA").

27. Named Plaintiff performed patient care services for Defendant Prospect.

28. Class Plaintiffs perform/performed patient care services for Defendant Prospect.

29. Named Plaintiff regularly worked for Defendant Prospect in excess of 40 hours per workweek.

30. Class Plaintiffs regularly worked/work for Defendant Prospect in excess of 40 hours per workweek.

31. Defendants paid Named Plaintiff varying hourly rates depending on the time of the shift.

32. Defendants paid Named Plaintiff varying hourly rates depending on the time of the shift.

33. Defendants paid/pay Class Plaintiffs varying hourly rates per depending on the time of the shift.

34. Defendants failed to use a "weighted average" when determining Named Plaintiff's and Class Plaintiffs' regular rate, upon which the overtime rate is/was based.

35. Accordingly, Defendants paid/pay Named Plaintiff and Class Plaintiffs less than 1.5 their regular rate for hours that Named Plaintiff and Class Plaintiffs work/worked in excess of 40 hours per workweek.

36. By way of example only, for the two-week pay period beginning January 15, 2013:

   a. Defendants paid Named Plaintiff for a total of 74.41 hours of work;

   b. Defendants paid Named Plaintiff $11.50 per hour for 53.08 regular hours;

   c. Defendants paid Named Plaintiff $1.00 per hour as a shift differential for 36.62 hours;

   d. Defendants paid Named Plaintiff $0.25 per hour as a weekend shift differential for 30.13 hours;

   e. Defendants incorrectly paid Named Plaintiff $17.25 per hour for 21.33 overtime hours (straight time of $11.50 plus 50% OT premium of $17.25);

   f. To calculate the correct overtime rate, Defendants should have added all the remuneration Named Plaintiff earned (minus only amounts earned as 50% OT premiums) and divided that number by the total hours Named Plaintiff worked each week. Then, Defendants should have divided that number by 2 and provided same as the minimum OT premium;

    g. Over the two week period, Named Plaintiff's regular rate, including shift differential and weekend shift differential, results in a regular rate of $12.09 (($11.50 * 74.41) + ($1.00 * 36.62) + ($0.25 * 30.13)) divided by 74.41 total hours).

    h. Defendants therefore should have paid a minimum overtime premium of $6.05 ($12.09/2).

    i. Accordingly, the minimum premium Defendants should have paid Named Plaintiff for her 15 hours of overtime during the pay period of June 21, 2011 was $129.05 (21.33 hours at $6.05 per hour).

    j. Defendants however, paid Named Plaintiff a premium of only $122.65 for her overtime hours (21.33 hours at $5.75 per hour); accordingly Defendants shorted Named Plaintiff $9.15 for this pay period.

37. The aforementioned conduct is a mere example of Defendants' unlawful overtime policies and practices. Defendants' practice of not applying the shift differential to determine the regular rate occurred consistently to Named Plaintiff and Class Plaintiffs for nearly all pay periods, save only the pay periods where Named Plaintiff and Class Plaintiffs did not work in excess of 40 hours or where shift differentials were not provided.

38. Accordingly, Named Plaintiff and Class Plaintiffs have suffered damages.

## COUNT I
### Fair Labor Standards Act (FLSA)
**(Failure to Pay Proper Overtime Compensation)**

39. The foregoing paragraphs are incorporated herein as if set forth in full.

40. At all times relevant herein, Defendants were and continue to be "employers" within the meaning of the FLSA.

41. At all times relevant herein, Defendants were and are responsible for paying wages to Named Plaintiff and Class Plaintiffs.

42. At all times relevant herein, Named Plaintiff and Class Plaintiffs were and are employed with Defendants as "employees" within the meaning of the FLSA.

43. Under the FLSA, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

44. Defendants' violations of the FLSA include, but are not limited to, not paying Named Plaintiff and Class Plaintiffs at least 1.5 times their regular rate of pay for all hours worked in excess of forty per workweek as explained *supra*.

45. Defendants' conduct caused Named Plaintiff and Class Plaintiffs to suffer damages.

## COUNT II
### Pennsylvania Minimum Wage Act
**(Failure to pay Overtime Compensation)**

46. The foregoing paragraphs are incorporated herein as if set forth in full.

47. At all times relevant herein, Defendants have and continue to be "employers" within the meaning of the Pennsylvania Minimum Wage Act.

48. At all times relevant herein, Defendants were and are responsible for paying wages to Named Plaintiff and Class Plaintiffs.

49. At all times relevant herein, Named Plaintiff and Class Plaintiffs were employed with Defendants as "employees" within the meaning of the Pennsylvania Minimum Wage Act.

50. Under the Pennsylvania Minimum Wage Act, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

51. Defendants' conduct in failing to pay Named Plaintiff and Class Plaintiffs proper overtime compensation for all hours worked beyond 40 per workweek violated the Pennsylvania Wage Laws.

52. Defendants' conduct in failing to properly pay Named Plaintiff and Class Plaintiffs was willful and was not based upon any reasonable interpretation of the law.

53. As a result of Defendants' unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

## COUNT III
### Pennsylvania Wage Payment Collection Law
### (Failure to Pay All Wages Due)

54. The foregoing paragraphs are incorporated herein as if set forth in full.

55. Defendants' conduct in failing to pay Named Plaintiff and Class Plaintiffs all owed wages violated the Pennsylvania Wage Laws.

56. As a result of Defendants' unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff and Class Plaintiffs pray that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain its illegal policy, practice or custom in violation of federal and state law;

B. Defendants are to compensate, reimburse, and make Named Plaintiff and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions;

C. Named Plaintiff and Class Plaintiffs are to be awarded liquidated damages for Defendants' illegal actions, as provided under applicable law;

  D. Named Plaintiff and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

  E. Named Plaintiff and Class Plaintiffs are to be awarded any and all other equitable and legal relief as the Court deems appropriate.

             Respectfully Submitted,

             */s/ Richard Swartz*
             Richard S. Swartz, Esq.
             Justin L. Swidler, Esq.
             Matthew D. Miller, Esq.
             **SWARTZ SWIDLER, LLC**
             1878 Marlton Pike East, Ste. 10
             Cherry Hill, NJ 08003
             Phone: (856) 685-7420
             Fax: (856) 685-7417

Dated: July 12, 2013